## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYNTHIA AMBROSE** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **GABAY ENT & ASSOCIATES, P.C.;** | : | **NO. 12-5453** |
| **GABAY SCHWARTZ ENT & ASSOCIATES,** | : | |
| **P.C.; & GABAY, RAPHAEL, D.O., P.C.** | : | |
| | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO DISMISS

**Baylson, J.**                                                                                    **February 7, 2013**

### I.    INTRODUCTION

Plaintiff, Cynthia Ambrose, alleges that her employer, the Defendants Gabay Ent &

Associates, P.C.; Gabay Schwartz Ent & Associates, P.C.; and Gabay, Raphael, D.O., P.C.;

violated her civil rights under Title VII of the Civil Rights Act of 1964 by denying her a

reasonable religious accommodation and terminating her employment in retaliation for her

complaint of religious discrimination.  Defendants have moved, pursuant to Federal Rule of Civil

Procedure 12(b)(6), to dismiss both of Plaintiff's claims.  (ECF No. 13).  For the reasons

discussed below, the Court will give Plaintiff leave to amend her Amended Complaint to clarify

the religious belief that is implicated by Defendants' actions before ruling on the Motion to

Dismiss.

### II.    PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges the following facts in her Amended Complaint: She is a devout Roman

Catholic who worked as a receptionist for Defendants' medical practice for 8 years and routinely

received significant praise for her work. Am. Compl. ¶¶ 10-11, 16. In April of 2011, Defendants provided Plaintiff with a new name badge, which she was asked to wear around her neck or on her chest. Id. ¶¶ 18-21. On the back of the badge, Defendants set forth 10 intra-office rules under the heading "Our 10 Commandments." Id. ¶ 20. Plaintiff objected to wearing this badge. In discussions with management, Plaintiff "explained that she had no objection to wearing the badge without references to the 10 Commandments on the back of the badge but that for religious reasons, she did not want to wear Defendant's reference and altered 10 commandments around her neck." Id. ¶ 22. Plaintiff insists that "[t]here was absolutely no business purpose whatsoever . . . to wear a badge with itemized commandments on the back of the badge, as no client or patient could see the back of [the] badge." Id. ¶ 24.

After voicing her religious-based objection to wearing the badge, Plaintiff was given a disciplinary notice for "Failure to Comply with new policy and State Law in an unprofessional fashion," and threatened with termination if she refused to wear the badge. Id. ¶ 23. According to Plaintiff, the relevant state law (The Health Care Facilities Act, P.L. 130, No. 48) "only requires health care professionals to wear a badge with photo identification, not to wear a badge with any sort of message on the back." Id. ¶ 23. "Out [of] fear for her job," however, Plaintiff "compromised her own beliefs and views and wore the badge on the bottom of her shirt as opposed to around her neck." Id. ¶ 26. During this time, Plaintiff continued to voice her belief that "an accommodation for her was exceedingly easy." Id. For this, "Plaintiff was treated very harshly" and "was terminated on or about May 20, 2011 in close proximity to her religious concerns being expressed." Id. ¶ 27. Although Plaintiff "was told that she was terminated from Defendants for rescheduling some patients," she claims that she had done this routinely without sanction in the past. Id.

## III.    THE DEFENDANTS' ARGUMENTS

Defendants move to dismiss Plaintiff's accommodation claim on the grounds that "she could not have had a sincere religious belief against wearing the name badge" because "there is no deeply held Roman Catholic belief that prohibits or forbids adherents from wearing a name badge that characterizes secular guidelines as '10 Commandments.'" Def's Br. at 8.  Defendants liken Plaintiff's claim to "refusing to use currency because it contains the phrase 'In God We Trust.'" Id.  Defendants move to dismiss Plaintiff's retaliation claim on the grounds that "[s]he does not claim that she told Defendants she was Roman Catholic or that she explained to Defendants that the intra-office rules implicated her religious beliefs." Def's Br. at 10.

## IV.    DISCUSSION

There is no question that under settled constitutional law, Welsh v. United States, 398 U.S. 333, 339 (1970), as well as cases under Title VII, 29 C.F.R. § 1605.1; E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico, 279 F.3d 49, 56 (1st Cir. 2002); Redmond v. GAF Corp., 574 F.2d 897, 900 (7th Cir. 1978); Sidelinger v. Harbor Creek Sch. Dist., No. 02-62, 2006 WL 3455073, at *11 (W.D. Pa. Nov. 29, 2006), reasonable accommodation must be made for an individual's sincerely held religious beliefs.  The Court will give Plaintiff an opportunity to amend the Complaint so she can allege, with more specificity than in the present Complaint, how or why wearing the badge dictated by Defendants was offensive to her religious beliefs or failed to provide an adequate accommodation for her religious beliefs.  It is not clear from the Complaint whether the Plaintiff considered the badge as a "parody" of the biblical Ten Commandments, or that there was some content within the badge that she found offensive to her religious beliefs or otherwise failed to accommodate her religious beliefs.  The way the Complaint reads now, the Court may have to interpret it as being innocuous

because there is no indication that the badge had anything more than employee instructions for how to perform one's occupation and had nothing to do with religion.

It is therefore **ORDERED** that the Plaintiff may amend the complaint within ten (10) days.  The Court will withhold ruling on the motion to dismiss until the Plaintiff has filed an amended complaint or advised the Court that she will not do so.

**BY THE COURT:**


**/s/ Michael M. Baylson**
_____
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 12\12-5453 ambrose v. gabay ent\12cv5453.020713.memo.order.docx